Defendant Cal Edward Gilbert has appealed a judgment from the Medina County Court of Common Pleas that denied his petition for postconviction relief. This Court affirms.
 I.
On January 17, 1996, the Medina County Grand Jury indicted Defendant on one count of aggravated robbery with a firearm specification. On February 1, 1996, Defendant received another indictment for one count of aggravated robbery with a firearm specification and one count of theft. Defendant pled no contest to both counts of aggravated robbery with the firearm specifications, and the trial court dismissed the theft charge. The trial court found Defendant guilty and sentenced him to a term of six to twenty-five years for each count of aggravated robbery, to be served concurrently. The trial court also ordered Defendant to serve the mandatory three-year term for each firearm specification. Defendant did not file a direct appeal from his case. Instead, he filed a petition for postconviction relief on March 20, 2000. The trial court denied Defendant's petition on March 24, 2000. Defendant timely appealed, asserting two assignments of error. For ease of discussion, this Court has consolidated Defendant's arguments.
 II. Assignment of Error Number One The trial court erred when it sentenced [Defendant] to an additional three years of incarceration for a gun specification on each charge, as such (sic) sentence is contrary to law.
 Assignment of Error Number Two The trial court erred when it failed to conduct an evidentiary hearing and did not file findings of fact and conclusions of law when it denied [Defendant's] petition for postconviction relief.
Defendant's petition is governed by the requisite time period under R.C. 2953.21, which sets forth the following requirements:
 A petition * * * shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.
R.C. 2953.21(A)(2). Defendant was convicted and sentenced on April 10, 1996. He filed this petition on March 20, 2000, clearly after his window for postconviction relief had closed. As a result, Defendant's petition was not timely.
When untimely, Defendant must show (1) that he was unavoidably prevented from discovering the facts upon which he relied in his petition, or that any rulings by the United States Supreme Court recognized a new federal or state right that applied to him; and (2) by clear and convincing evidence that, but for the alleged errors, no reasonable factfinder would have found him guilty of the offenses of which he was convicted. See R.C. 2953.23(A). Defendant has failed to comply with the criteria set forth in R.C. 2953.23(A).
Additionally, this Court is compelled to mention that Defendant's arguments are barred by the doctrine of res judicata. See, generally,State v. McMinn (June 16, 1999), Medina App. No. 2927-M, unreported, at 5-6. Defendant had an opportunity to litigate his sentence by filling a direct appeal; however, Defendant failed to take advantage of this opportunity. Accordingly, his arguments are without merit.
 III.
Defendant's assignments of error are overruled. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for these appeals.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
 __________________ WHITMORE, Judge
BAIRD, P. J., CARR, J. CONCUR